EDWARDS, Judge.
Catherine E. Smith, individually and on behalf of her minor daughter, Sharon E. Smith, instituted this suit to recover damages for personal injuries sustained by the daughter, when the motorcycle on which she was a passenger collided with a turning automobile. Named as defendants are the driver of the motorcycle, Robert L. Castle, and the driver of the automobile, Louise A. Keelen.
The accident occurred at approximately 8:00 p. m. on the evening of August 21, 1976, at the intersection of West McKinley Street and Nicholson Drive in Baton Rouge. Immediately prior to the accident, Sharon and a companion, Karen T. Scott, were walking on McKinley Street. The two girls were approached by Castle, who was riding his motorcycle along the same street, and were offered a ride to Sharon’s house. They accepted and got on the motorcycle, with Karen sitting behind the driver and Sharon, as the third rider, sitting behind Karen. The motorcycle then proceeded in a westerly direction along West McKinley for a distance of approximately fifty yards until it reached the intersection of Nicholson Drive. Upon entering the intersection, the motorcycle collided with the automobile driven by Keelen, which was traveling eastbound on West McKinley and in the process of making a left hand turn onto Nicholson.
The trial court found that both defendants were negligent, Keelen by improperly making a left hand turn and Castle by speeding, and that the negligence of both defendants contributed to the resulting col *305 lision. However, the trial court also found that Sharon had assumed the risk of the accident by riding as one of three persons on the motorcycle and was barred from recovering for her injuries. Judgment, was rendered dismissing plaintiff’s suit. Only plaintiff has appealed.
Initially, we find, despite the many conflicts in the testimony, that there is ample evidence to support the trial court’s determination that both defendants were negligent. There is no manifest error in this instance.
Regarding the defense of assumption of the risk, we find the following statement of the Supreme Court in McInnis v. Fireman’s Fund Insurance Company, 322 So.2d 155, 157 (La.1975) apropos:
“It is fundamental that, in order to assume a risk, one must knowingly and voluntarily encounter a risk which caused him harm. Plaintiff must understand and appreciate the risk involved and must accept the risk as well as the inherent possibility of danger because of the risk. Assumption of risk is an affirmative defense which must be specially pleaded. The burden of proving this defense is upon the defendant.” (footnote omitted).
Relying on this criterion, what “risks,” if any, did defendants prove were assumed by Sharon?
Sharon, quite obviously, assumed such risks as are ordinarily incident to her position on the motorcycle. This, however, as in the “outrider cases,” does not encompass the risk of any negligent operation on the part of her driver, absent a showing that she knew the driver to be drunk, incapable, careless or reckless, nor does it encompass negligence on the part of the driver of another vehicle. See Brantley v. Brown, 277 So.2d 141 (La.1973) and numerous cases therein cited. There is no evidence in the record to prove that Sharon assumed the risk of defendants’ negligence.
Counsel for Castle argues that Sharon, as the third rider, caused motorcycle steering difficulties which culminated in the collision. However, there is absolutely no evidence in the record to support this contention. Neither has there been any proof that Sharon was contributorily negligent.
We, therefore, find that the trial court improperly dismissed plaintiff’s suit.
On the issue of quantum, plaintiff’s petition itemizes her damages as: 1) medical expenses, past and future, in the sum of $1,000; and 2) general damages on behalf of the minor daughter in the sum of $10,-000.
Plaintiff did not offer any evidence to prove the amount of medical expenses[1] incurred in connection with the accident or anticipated in the future. In fact, at the time of trial Sharon was not receiving any medical attention or on any medication for the injuries sustained in the accident. An award for medical expenses is therefore not appropriate.
Sharon suffered multiple fractures of both legs, which required the application of long legs casts on both legs. She was hospitalized for approximately two weeks. She remained in the casts for an additional period of approximately five and one-half months. During the entire period in which she had the casts on her legs, Sharon was totally incapacitated.
Based on the severity and duration of Sharon’s injuries, we believe that an award of $10,000 for general damages, the amount prayed for in the petition, is warranted.
For the above reasons, the judgment appealed is reversed; and judgment is herein rendered in favor of Catherine E. Smith, on behalf of her minor daughter, Sharon E. Smith, against the defendants, Robert L. Castle and Louise A. Keelen, in solido for the sum of Ten Thousand and No/100 ($10,-000.00) Dollars, together with interest from *306 judicial demand until paid. All costs are to be paid by defendants.
REVERSED AND RENDERED.

. The medical services were administered at Earl K. Long Charity Hospital, and there is no evidence of any other medical expenses at all.