444 So.2d 211 (1983)
Stephanie KENNEY
v.
Connie COOPER, et al.
No. 83 CA 0286.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
Robert Layne Royer, Baton Rouge, for plaintiff-appellant Stephanie Kenney.
Horace C. Lane, Baton Rouge, for defendant-appellee Connie Cooper and State Farm Mut. Auto. Ins. Co.
Before COVINGTON, COLE and SAVOIE, JJ.
SAVOIE, Judge.
This is a tort suit involving a rear-end collision. The issue of liability was placed before a jury. It concluded the defendant *212 was not at fault. Judgment was rendered accordingly. We affirm.
Plaintiff alleged and testified that she was stopped at a red light when defendant's car rear-ended plaintiff's car, pushing it forward into a third car. Contrarily, defendant testified that there was a yellow car between her car and plaintiff's car and that the yellow car rear-ended plaintiff's car and fled the accident scene. This was the only evidence as to how the accident occurred. Additionally, Robert Lamm, a claims adjuster for defendant's insurance company, testified as to the amount of damage sustained by each car.
On appeal, plaintiff asserts that the trial court erred in: (1) not allowing plaintiff to introduce medical records for impeaching defendant's testimony, and (2) allowing Lamm to opine that defendant's car did not cause plaintiff's property damage because there was no observable damage on plaintiff's car. For the following reasons, we find both contentions are without merit.

I. INTRODUCTION OF MEDICAL RECORDS
The trial court refused admission of the medical records for lack of sufficient probative value in this matter. Plaintiff contends that the records should have been admitted under La.R.S. 13:3714. It provides, in pertinent part:
"Whenever a certified copy of the chart or record of any hospital in this state, signed by the administrator or the medical records librarian of the hospital in question, is offered in evidence in any court of competent jurisdiction, it shall be received in evidence by such court...."
This statute is an exception to the hearsay rule. Succession of Chaney, 413 So.2d 936 (La.App. 1st Cir.1982), writ denied, 420 So.2d 449 (La.1982). It legislatively dispenses with the requirement of an appearance by the custodian of documents in custody of state agencies when the documents are certified in accordance with the statute. However, this statute does not address the necessity that evidence be relevant to a material issue in order to be admissible. These factors, hearsay and irrelevancy, are independent bases for exclusion of evidence. Accordingly, La.R.S. 13:3714 is not a basis for admission of irrelevant evidence.
Even assuming, arguendo, that the records were admissible, the trial court's failure to accept the records into evidence was not prejudicial. Plaintiff's purpose for offering this evidence was to impeach defendant's testimony that the Vistaril medication she was taking at the time of the accident was prescribed by Dr. Wilson. Contrarily, through the hospital records, plaintiff's counsel sought to prove that the medication was prescribed by Dr. Champagne. However, on direct examination of defendant by her counsel, she stated she had forgotten about Dr. Champagne and admitted that he had prescribed Vistaril for her also.

II. OPINION TESTIMONY
Plaintiff complains that the trial court erred in allowing Lamm to testify that the defendant's car did not cause the property damage to plaintiff's vehicle because there was no observable damage on the defendant's vehicle. We cannot find such a statement in Lamm's testimony. However, we note that in response to defense counsel's inquiry as to how Lamm inspected the car for damages, Lamm replied:
"We have a check list sequence that we'll look at. It goes from either the front end or the rear end toward the center of the car. Ms. Cooper's car was suppose[d] to, or should have had damage to the front of her vehicle. When I went and looked at it there wasn't any none, ..." (Emphasis added).
Plaintiff's counsel made no objection to this answer. Therefore, he cannot now complain. L.S.A.-C.C.P. 1635, cf. Thibodeaux v. Western World Insurance Company, 391 So.2d 24 (La.App. 3rd Cir.1980).
Further, we recognize this is simply a credibility decision. In such instance, *213 reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon appellate review. Canter v. Koehring, 283 So.2d 716, 724 (La.1973).
In the absence of merit to plaintiff's specifications of error, and due to the presentation of evidence indicating reasonable evaluations of credibility and inferences of fact by the jury, the trial court's judgment is affirmed. Plaintiff is to pay all costs.
AFFIRMED.