450 So.2d 1011 (1984)
Deborah WOODFIELD
v.
E. Pat DUGAS, et ux.
No. 83 CA 0671.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
*1012 Jack N. Rogers, Baton Rouge, for plaintiff-appellant Deborah Woodfield.
Richard Creed, Jr., Baton Rouge, for defendants-appellees E. Pat Dugas and Sallie H. Dugas.
Before PONDER, WATKINS and CARTER, JJ.
CARTER, Judge.
This is a suit for damages by Deborah Woodfield against E. Pat and Sallie H. Dugas.
On May 29, 1981, at approximately 12:30 a.m., Mrs. Dugas was driving the family van home when she lost control of the vehicle and crashed into plaintiff's townhouse.
As a result of this accident, plaintiff filed suit for property damage to the townhouse,[1] damage to the contents, mental anguish, interruption of education, and other miscellaneous damages and expenses.
The trial court found that Mrs. Dugas was negligent in the operation of the van, that Mrs. Dugas was on a community errand at the time of the accident, and that Mr. & Mrs. Dugas were liable for the damages sustained by plaintiff. Accordingly, the trial judge awarded plaintiff $4,152.73 for loss of contents and $5,000.00 for mental anguish.
Plaintiff appeals this judgment alleging that she was not adequately compensated for her losses.[2]

DAMAGE TO CONTENTS
Plaintiff contends that the trial judge did not adequately compensate her for the contents of her home which were damaged as a result of defendants' negligence.
In support of this contention, plaintiff relies on Emerson v. Empire Fire & Marine Ins. Co., 393 So.2d 691 (La.1981). Plaintiff contends that the Louisiana Supreme *1013 Court held in Emerson that a proper measure of damage is "the actual or intrinsic value of the property to the owner."
Plaintiff's reliance on Emerson, however, is clearly misplaced. The loss suffered by the plaintiff in Emerson had no market value whereas the losses suffered by the plaintiff in the instant case have ascertainable market values.
Plaintiff further contends that she proved those damages by her testimony and by photographic exhibits of the damaged items.
When property damaged or destroyed has an ascertainable market value, the courts consider several factors. This Court in Ewell v. Petro Processors of Louisiana, Inc., 364 So.2d 604 (La.App. 1st Cir.1969), writ denied 366 So.2d 575 (La. 1979) catalogued some factors including the extent of the damage; the use to which the property may be put; the extent of economic loss in terms of (market) value and income; and the cost and practicability of restoration.
A plaintiff bears the burden of establishing each and every element of damage claimed. Reid v. Allstate Ins. Co., 407 So.2d 34 (La.App. 3rd Cir.1981); Cloney v. Travelers Insurance Company, 253 So.2d 83 (La.App. 1st Cir.1971), writs refused, 259 La. 871, 872, 253 So.2d 212 (La.1971).
Plaintiff's only evidence to substantiate her losses consists of her own testimony, an inventory of the damaged property together with the approximate values thereof, and photographs of the contents of her home. The inventory, however, was prepared by plaintiff and reflected hearsay evidence as to the value of the goods. Plaintiff called neither an appraiser nor witnesses to verify the information she supplied. Furthermore, plaintiff's photographs did not depict individual damaged pieces of furniture, but merely illustrated the disarray in which her belongings were found following the accident.
Although the trial judge allowed recovery for numerous items, many of which had market values of less than twenty dollars, he properly refused to allow recovery for the more substantial items of damage absent hard evidence. Plaintiff simply failed to carry the burden of proving the market values of her losses beyond those allowed by the trial court. A thorough review of the record convinces us that the trial judge was not manifestly erroneous in this award. Canter v. Koehring Company, 283 So.2d 716 (La.1973).

MENTAL ANGUISH
Plaintiff contends that the trial judge was manifestly erroneous in awarding only $5,000.00 and that a higher award was justified in view of the testimony of Dr. Jensen (a clinical psychologist) and Dr. Manson (a psychiatrist).
On May 29, 1981, plaintiff phoned Dr. Susanne M. Jensen, a practicing clinical psychologist, because of emotional problems resulting from the accident and damage to her home and contents. Dr. Jensen saw plaintiff on June 1, 1981. Dr. Jensen testified she had previously consulted with plaintiff on other matters involving coping with a divorce between plaintiff's parents and plaintiff's own divorce. Plaintiff was referred to Dr. Manson, a psychiatrist, so a prescription could be obtained for medication.
Dr. Manson saw plaintiff on June 16, June 24, and July 1, 1981. It was Dr. Manson's opinion that plaintiff responded well to anti-depressants and had no further need for medication after July 30, 1981.
The trial judge found that plaintiff suffered a real mental injury which was attributable to the accident. The court accordingly awarded the sum of $5,000.00 as adequate compensation for plaintiff's mental anguish. A trial judge is vested with much discretion in making quantum awards, and absent a finding of manifest error, such decisions should not be disturbed. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We cannot say that the trial judge was manifestly erroneous in his award of $5,000.00 to plaintiff for mental anguish.

*1014 INTERRUPTION OF EDUCATION
At the time of the accident, plaintiff was working on a Ph.D. in clinical psychology. She claims that the accident caused her to miss attending summer school in 1981, therefore, she has been delayed in entering the job market. Plaintiff contends that she has suffered economic loss in that she has been set back a year in obtaining her Ph.D.
The trial court found that plaintiff did not prove loss of future wages due to the accident and that such damages were too speculative. We agree. It is plaintiff's burden to prove with legal certainty every item of damage claimed. Freeman v. G.T.S. Corp., 363 So.2d 1247 (La.App. 4th Cir.1978). No proof was offered that plaintiff would have had immediate employment upon graduation.

CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. Costs to be assessed against plaintiff-appellant Deborah Woodfield.
AFFIRMED.
PONDER, J., dissents in part and assigns reasons.
PONDER, Judge, dissenting.
I respectfully dissent.
Plaintiff testified that she was given the figures of $1200.00 for the oak hutch and $1320.00 for the reupholstering by Manes, the insurer's adjuster, who did not deny this when on the stand. I would therefore amend the judgment by increasing it by the figure of $2520.00.
NOTES
[1] Plaintiff apparently settled her claim for damage to her house because that issue was not presented to the trial court.
[2] Although we will not address each of plaintiff's assignments of error specifically, the opinion adequately discusses all of plaintiff's allegations of error.