LOTTINGER, Judge.
This is an action ex delicto, as the result of an automobile-pedestrian accident, filed by Clifford Honoré, the provisional curator of Isaac Thomas (Thomas). Defendants were Howard Lane (Lane) as the owner and operator of the automobile, the City of Baton Rouge and Parish of East Baton Rouge (City-Parish) as the owner of the defective road, Cumis Insurance Society, Inc., as plaintiff’s uninsured motorist insurer, Willie Gibson (Gibson) as the named insured, and Commercial Union Insurance Company (Commercial Union) as Gibson's assigned risk insurer covering the Lane automobile. City-Parish filed a third-party demand against Lane, and Lane third-partied Randolph Hayes, d/b/a Hayes Insurance Agency (Hayes). Gibson and Cumis Insurance Society, Inc. were voluntarily dismissed prior to judgment. The trial court rendered judgment for the plaintiff and against Lane, in the amount of $127,-477.58, plus costs, dismissed the demands against Commercial Union and City-Parish, dismissed the third-party demand of City-Parish against Lane, and dismissed the third-party demand of Lane against Hayes. Plaintiff has appealed, and Lane has answered the appeal.
FACTS
On March 3, 1982, around dusk, Isaac Thomas, a 36 year old mentally handicapped man, with the mental capacity of a seven year old child was walking on the “shoulder” of Blount Road in East Baton Rouge Parish. The shoulder on the north side of Blount Road is a narrow strip of dirt covered with shells, and its width varies from one to two feet. Adjacent to this shoulder is a drainage ditch of a depth of two to three feet bordered by a wooded area. As Thomas was walking, facing oncoming traffic, on the shoulder, he was struck by an automobile owned and operated by Lane, as it traveled in a westerly direction. The impact of the hit threw Thomas some 13 feet forward into the ditch.
An eyewitness stated that prior to the accident Thomas was walking on the shoulder of the road. This witness also heard wheels churning on the shells, looked back over his shoulder, and saw Lane’s car strike Thomas.
Lane testified that he was an unlicensed driver, that his license could not be renewed because of his poor eyesight, and that he was looking ahead and watching both the centerline and the striping on the edge of the roadway, but he did not see Thomas. The investigating officer concluded that Thomas must have been on or close *764 to the roadway because of the road’s narrow shoulder and the location of the debris.
Plaintiff introduced evidence, including expert testimony, in an attempt to prove that the roadway, including the shoulder, was defective because of its substandard construction. At the site of the accident, the width, from the centerline to the shoulder, was nine feet, three inches, and the shoulder’s width varied from twelve inches to sixteen inches. The width of the ditch at the site of the impact was six feet. The average daily traffic count on this stretch of road was 3,606 vehicles.
The trial judge found as fact that Lane and Gibson went to Hayes to obtain insurance on Lane’s automobile, although Lane knew that he was unable to qualify for insurance because he did not have a driver’s license. Lane had purchased the automobile shortly before applying for the insurance. The facts surrounding the application for the insurance and the submittal of the application to the assigned risk plan are confusing. However, instead of submitting an application in the name of Lane, the unlicensed owner of the automobile, Hayes submitted an application in the name of Gibson. An application, even to the assigned risk plan, of an unlicensed driver who does not name another driver on the application would have been automatically rejected.
TRIAL COURT
The trial judge concluded that “[t]he sole cause of the accident was the negligence of Lane. He must bear the responsibility for not seeing what he should have seen, or probably driving when he was not able to see what he should have seen on the highway.” Thus, the trial judge dismissed the City-Parish as a defendant. The trial judge also concluded that Commercial Union must be dismissed because the owner-operator of the automobile could not be insured, and no agency relationship existed between Commercial Union and Hayes. The trial judge dismissed the third-party demand of Lane against Hayes because Lane knew that he could not be insured.
ASSIGNMENTS OF ERROR
Plaintiff assigns the following as errors of the trial court: (1) the dismissal of plaintiff’s claim against the City-Parish; (2) the failure to award future medical expenses; (3) the amount of general damages awarded; (4) the dismissal of plaintiff’s claim against Commercial Union; and (5) the introduction of testimony as to a witness’s arrest and incarceration after timely objection was made:
I
Plaintiff argues for liability on the part of City-Parish under La.Civ.Code arts. 2315 and 2317. The only difference between a case under article 2315 (negligence) and a case under article 2317 (strict liability) is that under the strict liability theory the claimant “is relieved only of proving that the owner knew or should have known of the risk involved.” Kent v. Gulf States Utilities Company, 418 So.2d 493, 497 (La. 1982). Therefore, the duty-risk analysis is applicable to either theory of recovery. Court inquiries must be answered in the affirmative before a plaintiff can recover.
1. Did the defendant owe a duty to the plaintiff?
2. Was the duty breached?
3. Was the breach of duty a substantial factor in bringing about harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred?
4. Do the risk and harm encountered by the plaintiff fall within the scope of the protection afforded by the duty breached?
We pretermit any discussion of whether a duty is owed by government to provide a walk area alongside a roadway for pedestrians because we conclude, as did the trial judge, that any breach of such a duty, if one is owed, was not the cause-in-fact of this accident. Under the facts of this case, Thomas was walking on the shoulder. The Lane vehicle left the roadway and struck Thomas while he was on the shoulder. We are compelled to conclude that even if the shoulder had been wider, the accident would have still hap *765 pened. Therefore, the trial judge was correct in dismissing plaintiffs suit against City-Parish.
II
Plaintiff complains of the failure to award future medical expenses. We note an absence of evidence as to an amount for future medical expenses. Part of plaintiff’s burden is to prove every item of damages claimed. Woodfteld v. Dugas, 450 So.2d 1011 (La.App. 1st Cir.1984). Thus, the trial court was correct in not awarding future medical expenses.
III
Plaintiff sustained the following injuries: lacerations to his right hand arid a fracture of the index metacarpal; bilateral comminuted tibial plateau fractures with displacement; facial abrasions and lacerations; contusion to the right foot; and left peroneal nerve laceration.
Initially, the lacerations were debrided, the fracture in the hand was reduced, and a short cast was applied. Surgery was performed on both legs, and the fractures were reduced by placement of multiple screws, bolts and plates. Ten days later, he was back in surgery for repair of the peroneal nerve laceration and at this juncture, long leg casts were applied to both legs. Approximately two weeks later he was back in the operating room for removal of sutures and reapplication of long leg casts. Two days later he was discharged from the hospital and was given Tylenol # 3 for pain.
Approximately one month after his discharge from the hospital, the long leg casts were reapplied and the arm cast was removed. In another month, the long leg casts were again reapplied. Pour months after the accident, the long leg casts were replaced with foot to above the knee casts. Six months after the accident the casts were removed, and he was given an ankle-foot orthosis for his left foot and a left knee brace. On March 1, 1983, almost one year after the accident, surgery was performed under anesthesia for removal of the hardware in both legs. On April 5, 1983, some thirteen months after the accident, Thomas was released from the doctor’s care.
Prior to this accident, Thomas performed odd jobs in the neighborhood. He cut grass, raked leaves, ran errands, and worked at the neighborhood grocery store. He played basketball and softball with his relatives and the neighborhood kids, and he enjoyed fishing. Since the accident, he cannot perform any chores, play basketball or softball, nor can he take walks. After careful consideration of the extent of plaintiff’s injuries, the number of times he underwent surgery, the length of his hospital stay, and the manner in which he will be required to live the remainder of his life, we conclude that the trial judge abused his discretion, and the general damage award should be increased to $150,000.00.
IV
In dismissing Commercial Union, the trial judge concluded that an agency relationship did not exist between Commercial Union and Hayes, and thus Commercial Union was not responsible for the acts of Hayes.
Under the assigned risk plan, an application for insurance is received by the agency and then forwarded to the state for assignment to an insurance company. The selling agency does not know in advance which insurance company will be assigned the application. Depending on the luck of the draw, a selling agency may or may not have done business with the issuing insurance company before. Here, Hayes had never done business with Commercial Union prior to the issuance of this policy. There is, as a matter of law, no connexity between the selling agent and the insurance company. In this case in particular, it goes without saying that if the true facts had been represented on the application, no insurance would have been issued because an unlicensed driver who does not name another driver on the application cannot be insured. Therefore, we find no error on the part of the trial judge.
*766 V
Plaintiff complains of the introduction of the arrest and incarceration of a witness in violation of La.R.S. 15:495, after timely objection. This was a judge tried case, and we conclude that, at most, the introduction of this evidence was harmless error.
ANSWER TO THE APPEAL
Lane answered the appeal, but no brief had been filed at the time this matter was submitted to the court for a decision. Inasmuch as no brief has been filed designating and briefing assignments of error, we find that appellee has abandoned his answer to the appeal. Rule 2-12.4, Uniform Rules— Courts of Appeal.
DECREE
Therefore, for the above and foregoing reasons the judgment of the trial court is amended to increase the award of damages from $127,477.58 to $177,477.58, and as amended the judgment is affirmed at the costs of Howard Lane.
AMENDED AND AFFIRMED.