563 So.2d 1223 (1990)
Florence Mingo MILLER
v.
Fred MAHFOUZ, et al.
No. 89 CA 0718.
Court of Appeal of Louisiana, First Circuit.
June 26, 1990.
Rehearing Denied August 9, 1990.
*1224 Johnnie A. Jones, Jr., Baton Rouge, for plaintiff-appellant Florence Mingo Miller.
Paul Marks, Jr., Baton Rouge, for defendants-appellees M and M Const., Sentry Ins. Co. and Middlesex Ins. Co.
Thomas A. Lane, Baton Rouge, for defendant-appellee State Farm Ins. Co.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
This suit for damages arises out of an automobile accident.

FACTS
On May 31, 1984, plaintiff, Florence Mingo Miller, was a guest passenger in a vehicle owned and operated by Lemuel H. Jackson. Jackson's 1978 Chrysler was travelling east on Jefferson Highway in Baton Rouge and was following a 1980 Audi 5000 owned by Joundourian Vaskan and operated by Fred Mahfouz. The Mahfouz vehicle attempted to make a left turn onto a private driveway, when he was struck by a 1982 Toyota Corolla, owned and operated by Marianne Hembree, which was travelling west on Jefferson Highway. The collision between the Hembree and Mahfouz vehicles caused the Mahfouz vehicle to strike the Jackson vehicle. As a result of this collision, plaintiff sustained injuries.
On May 31, 1985, plaintiff filed the instant suit for damages against numerous defendants, including Marianne Hembree, her liability insurer State Farm Mutual Automobile Insurance Company (State Farm), Fred Mahfouz, and his liability insurer Middlesex Insurance Company (Middlesex).[1] After a jury trial, the trial court rendered judgment in favor of plaintiff and against Middlesex for $1,000.00, plus interest and costs including expert witness fees of $250.00. The trial court also rendered judgment in favor of Hembree and State Farm and against plaintiff, dismissing plaintiff's claims with prejudice.[2] Thereafter, *1225 plaintiff filed a motion for new trial, which was denied by the trial court on August 26, 1988.
From this adverse judgment, plaintiff appeals, raising the following issues:
1. Whether a party, who suffers a medial collateral ligamentous strain, in an automobile collision, which manifests itself with pain and suffering, and occasional limping, monthly, is adequately compensated when the verdict award is One Thousand and No/100 Dollars ($1,000.00)?
2. Whether a party who is traveling at a high rate of speed and fails to observe a vehicle in their path, and strikes that vehicle should be attributed any fault for the resulting collision?

FAULT OF HEMBREE
Plaintiff contends that the trial court erred in finding Hembree free from fault. Plaintiff reasons that the evidence showed that Hembree was exceeding the speed limit at the time of the accident, which contributed to the accident, and that the jury erred in failing to find Hembree at fault as a result of these actions.
At trial of this matter, Hembree testified that, prior to the accident, she was travelling west on Jefferson Highway at approximately thirty miles an hour. Officer Richard Brown, the police officer who investigated the accident, testified that his investigation revealed that there was no excessive speed on the part of any vehicle. Plaintiff, on the other hand, testified that, although she could not determine how fast Hembree was travelling, Hembree was travelling fast. Plaintiff's host driver, Jackson, testified that the Hembree vehicle was about 30 to 40 feet from the Audi when it attempted to make a left turn. Jackson further testified that the Hembree vehicle was travelling at a "pretty good speed" or approximately 55 m.p.h. at the time of the accident.
After observing all of the witnesses testify, the jury determined that Hembree was not at fault in causing the accident. Apparently, the jury determined either that Hembree was not exceeding the speed limit or that her excessive speed was not a cause of the accident given the close proximity of the vehicles before Mahfouz attempted the left turn. We recognize that this determination is a credibility decision. In such an instance, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon appellate review. Canter v. Koehring Company, 283 So.2d
 1. (a) Do you find that Fred Mahfouz was at fault in the accident of
May, 1984? YES ___ NO ___
 If your answer is "NO", go to Question 2.
 If your answer is "YES", continue with 1. (b).
 1. (b) To what extent was Fred Mahfouz at fault? 100 %
 2. (a) Do you find that Marianne R. Hembree was at fault in the
accident of May, 1984? YES ___ NO ___
 If your answer is "NO", go to Question 3.
 If your answer is "YES", continue with 2(b).
 2. (b) To what extent was Marianne R. Hembree at fault? 0 %
 3. What do you find to be the total amount of damages sustained by
Florence Mingo Miller as a result of the accident of May, 1984?
 $ 1000.00 .
*1226 716 (La.1973); Kenney v. Cooper, 444 So.2d 211 (La.App. 1st Cir.1983). Further, it is well settled that the trier of fact actually hearing and observing the witnesses give live testimony is in a better position to evaluate the credibility of the witnesses than a reviewing court on the intermediate level, which at best can only study the written words on a cold record. Arnone v. Anzalone, 481 So.2d 1047 (La.App. 1st Cir. 1985); Burbank v. LeBeouf, 471 So.2d 980 (La.App. 1st Cir.1985); Kikendall v. American Progressive Insurance Company, 457 So.2d 53 (La.App. 1st Cir.1984). After a careful review and evaluation of the record, we are convinced that the trial court was not clearly wrong in finding that Hembree was free from fault. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).

QUANTUM
Plaintiff contends that the trial court erred in awarding quantum. Plaintiff reasons that the award of $1,000.00 is inadequate to compensate her for the pain and suffering she endured as a result of the injury to her knee. Plaintiff further reasons that she had $630.00 in medical expenses and $600.00 in lost wages and, as such, the jury erred in its damage award of only $1,000.00.

Special Damages
A plaintiff bears the burden of establishing each and every element of damage claimed. Honore v. Lane, 506 So.2d 762 (La.App. 1st Cir.1987), writ denied, 512 So.2d 463 (La.1987); Woodfield v. Dugas, 450 So.2d 1011 (La.App. 1st Cir.1984); Smith v. White, 411 So.2d 731 (La.App. 3rd Cir.1982), writ denied, 413 So.2d 508 (La. 1982).
In the instant case, plaintiff did not offer any evidence to prove the amount of medical expenses incurred in connection with the automobile accident. While plaintiff testified that she received medical treatment from Dr. Marvin Clifton, neither she nor Dr. Clifton testified as to the cost of such treatment. Therefore, an award for such medical expenses is not appropriate. See Adams v. Pourciau, 417 So.2d 860 (La.App. 4th Cir.1982), writ denied, 422 So.2d 157 (La.1982); Smith v. Castle, 361 So.2d 303 (La.App. 1st Cir.1978), writ denied, 362 So.2d 795 (La.1978).
With regard to plaintiff's claim for lost wages, the only testimony regarding plaintiff's lost wages was plaintiff's own self-serving testimony regarding the amount of time she lost and her pay level. Plaintiff introduced employment records revealing the amount of leave taken by plaintiff for a three-year period. The employment records reveal that plaintiff did not miss any work on or about the time of the accident; the only work plaintiff did miss which could possibly have been related to the accident was in July and October of 1984 and March of 1985. However, the employment records merely show that plaintiff was sick a total of forty hours on these days, without delineating the exact cause of the illness. Further, Dr. Clifton's testimony reveals that plaintiff did not seek treatment from him for the injuries she sustained until December 27, 1984, nearly seven months after the automobile accident.
The law does not require a plaintiff to establish his loss in an exact amount to be entitled to an award for loss of income. Riley v. McGee, 427 So.2d 509 (La.App. 3rd Cir.1983). However, as the only support for plaintiff's claim for lost wages is her own self-serving testimony, without corroboration by any other source, this alone cannot serve as the basis for such an award. See Beal v. New Orleans Public Service, Inc., 365 So.2d 1118 (La.App. 4th Cir.1978).

General Damages
It is well settled that the trial court is granted much discretion in the awarding of damages, and its determination will not be disturbed absent manifest abuse of that discretion. Before a damage award may be questioned as inadequate or excessive, the appellate court must look to the individual circumstances of the particular case to determine whether the award was a clear abuse of the trier of fact's great discretion. Reck v. Stevens, 373 So.2d 498 (La. 1979); Bauer v. White, 532 So.2d 506 (La.App. 1st *1227 Cir.1988); Miller v. Great Atlantic & Pacific Tea Co., 510 So.2d 695 (La.App. 1st Cir.1987), writ denied, 513 So.2d 1213 (La. 1987). If the trial court's award can be reasonably supported by the record, we must affirm it. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
Our review of the record reveals that plaintiff had mild crepitation, tenderness, and decreased mobility in her knee for which plaintiff received medication and therapy. Plaintiff did not seek treatment until some seven months after the accident and was treated by Dr. Clifton on three occasions, including the initial examination, and received physical therapy five times. Within a month after beginning treatment, Dr. Clifton observed that plaintiff no longer voiced any complaints. After reviewing the facts and circumstances of this case and the jurisprudence, we cannot say that the trial court abused its discretion in the damage award of $1,000.00.[3]

CONCLUSION
For the above reasons, the judgment of the trial court in favor of Hembree and State Farm and against plaintiff is affirmed. The judgment awarding plaintiff damages of $1,000.00, plus interest and costs, against Middlesex is affirmed. Plaintiff is cast for all costs on appeal.
AFFIRMED.
NOTES
[1] Although plaintiff originally named numerous defendants in her petitions, plaintiff proceeded to trial only against these defendants.
[2] The jury's verdict form provided as follows:
[3] We note that, in denying plaintiff's motion for new trial, the trial judge gave the following oral reasons for judgment:

Well, gentlemen, there are some cases tried by a jury in which my personal opinion might be different than the opinion of the jury as reflected by their verdict. But I respect their opinion in those cases, and because they are the triers of fact in those cases I do not find they committed error. There are some cases in which my personal opinion is different to the extent that I think they committed a legal error, perhaps because they didn't understand one of the instructions I gave; and I take that as my responsibility and my fault. Nonetheless, those cases, however few they might be, my obligation would be either to grant a motion for new trial or to reduce or increase the award.
This is not one of those cases. This is one of those cases in which my view of the evidence, if anything, is that the jury was extremely generous in awarding your client the thousand dollars that they did. Had the jury awarded your client a hundred and fifty dollars, they had a right to do that. Had the jury decided to award your client fifty dollars, they had a right to do that based on the evidence in this case. I do not find that they committed an error. Frankly, in my opinion they were very generous to your client based on the evidence which was presented to them. I do not find you're entitled to a new trial and I don't find you're entitled to an additur.
So the motion will be denied.