RLeBLANC, Judge.
Tricia Bennett (plaintiff) filed suit against Joseph Stribling, City of Baton Rouge and the Parish of East Baton Rouge (defendants) for damages resulting from an automobile accident which occurred on April 21, 1993. Bennett’s vehicle was struck from the rear by a vehicle owned by the City-Parish and driven by Stribling. At trial, liability was not at issue. The trial court awarded Bennett general damages, medical expenses and lost wages. Defendants have appealed.
EXCESSIVE GENERAL DAMAGES
In their first assignment of error, defendants allege the trial court erred in awarding excessive general damages. The trial court awarded Bennett $27,500.00 for general damages. Defendants argue this is an excessive award for the soft tissue injuries sustained by plaintiff.
The discretion vested in the trier of fact in awarding general damages is great, and even vast, so that an appellate court should rarely disturb an award of general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Id.
Our review of the record reveals that, immediately after the accident, plaintiff was taken to a local hospital and treated in the emergency room. She complained of pain in the posterior neck muscles and tenderness in the right lumbar muscles. X-rays were negative. She was given a prescription for pain and inflammation and referred to her doctor for a recheck, as needed. A week later she was still in pain. Her attorney referred her to the clinic of Dr. Norman D. Ott, III, where she was seen by Dr. Earl Stewart. The doctor’s impressions following this examination were cervical strain with possible herniated disc, thoracolumbar strain with possible herniated disc, right knee strain and bilateral hand strain. She ^continued with visits to Dr. Ott’s clinic and with physical therapy. After more than five months, when her pain did not resolve, she was referred to an orthopedic specialist, Dr. Andrew T. Kucharchuk. His initial impression was a torn medial meniscus of the right knee and objective symptoms indicating problems with the L5-S1 disc. An MRI revealed a small protrusion at the two lower lumbar levels and a small tear of the medial meniscus. He did not recommend operative intervention and discharged plaintiff after four months, feeling she was approaching maximum medical benefits. Dr. Kucharchuk did note the possible need for future arthroscopic knee' surgery if Bennett suffered a reinjury.
Dr. Daniel H. Johnson, a specialist in diagnostic radiology, performed an MRI of Bennett’s spine and right knee. He found no herniation or measurable bulging of the discs of the lumbar spine. In the right knee, he found some breakdown within the central meniscus, but no actual tear. Dr. Alvin Stander, an expert in orthopedic surgery, also examined Bennett and found no positive objective findings. He felt her injuries were limited to soft tissue injuries.
Bennett testified that after the accident she could not move around and needed her mother’s help with bathing, housework and child care, for six weeks. During this time she only went out for doctors’ appointments, physical therapy and grocery shopping, and only with her mother’s help. She attempted to return to work after four months but was unable to continue due to back pain. She stated her everyday life had changed since the accident. She could no longer pick up her young son or walk for exercise and pleasure, and she had gained weight. At trial, Bennett testified she still endures pain when bending, picking up her son or walking.
After reviewing the facts and circumstances of this case, we cannot say that the trial court abused its great discretion in the general damages award of $27,500.00. This assignment is without merit.
ULOST WAGES AWARD
In the second assignment of error, defendants argue the trial court erred in *993 awarding Bennett $2,496.00 in lost wages based solely on Bennett’s testimony. They assert Bennett’s testimony was vague, insubstantial, and contradicted. Defendants argue plaintiffs uncorroborated and self-serving testimony is not sufficient to support an award, if it is shown that there was corroborative evidence which was available and was not produced.
The trial court, in its oral reasons, stated:
The claim for lost wages was suggested by plaintiffs counsel in the sum of $3,072.00, indicating eight months. We do know that in Dr. Ott’s deposition, the attachments for therapy treatment show that the patient was not able to come for what appears to be two weeks because she was going on vacation in August. ... I’m going to award $2,496.00 for lost wages, which puts us through about November 15th when she was dismissed, less two weeks, this comes to 26 weeks at $96.00 per week.[1]
A plaintiff bears the burden of establishing each and every element of damage claimed. Miller v. Mahfouz, 563 So.2d 1223, 1226 (La. App. 1st Cir.), writ denied, 569 So.2d 967 (La.1990). Past lost earnings are susceptible of mathematical calculation from proof offered at trial and require such proof as reasonably establishes the claim. This may consist of the plaintiffs own testimony. Rhodes v. State, Through Department of Transportation and Development, 94-1758, p. 13 (La. App.1st Cir. 12/20/96), 684 So.2d 1134, 1144. However, in Miller v. Mahfouz, 563 So.2d at 1226, we held “as the only support for plaintiffs claim for lost wages is her own self-serving testimony, without corroboration by any other source, this alone cannot serve as the basis for such an award.”
Bennett testified that before the accident she was employed as a child caregiver at a local day care center where she made $96.00 a week. She testified she missed four months of work after the accident. Bennett’s mother also testified | gplaintiff did not return to work until four months after the accident, but offered no corroboration as to plaintiffs rate of pay. Plaintiff did not offer any supporting documentation or testimony from her employer concerning her employment. The record does not support the trial court’s award for lost wages. There is no corroboration by any source to establish plaintiffs rate of pay or to support the award for eight months or until November 15. The trial court erred in awarding Bennett lost wages without proof of these damages. We, therefore, reverse the trial court award as to this element of damage.
CONCLUSION
For the above reasons, that portion of the trial court judgment awarding Trieia Bennett $2,496.00 for past lost wages is reversed. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal in the amount of $1,058.66 are assessed one-third, or $352.89, to plaintiff, Trieia Bennett, and two-thirds, or $705.77, to defendants, Joseph Stribling and the East Baton Rouge City-Parish.
AFFIRMED IN PART, AND REVERSED IN PART.

. Our review of the record does not disclose any corroboration for this November 15th date, nor any facts relative to if, or when, plaintiff was dismissed.