867 So.2d 771 (2003)
Donald J. SANDERS, Jr.
v.
J. RAY MCDERMOTT, INC.
No. 2003 CA 0064.
Court of Appeal of Louisiana, First Circuit.
November 7, 2003.
*772 Kyle Sherman, Lafayette, for Plaintiff-Appellant Donald J. Sanders, Jr.
J. Louis Gibbens, New Iberia, for Defendant-Appellee J. Ray McDermott, Inc.
Before: FOIL, PETTIGREW, and DOWNING, JJ.
PETTIGREW, J.
On appeal in this workers' compensation case, the claimant asserts the workers' compensation judge ("WCJ") erred in denying his motion to compel discovery and in granting summary judgment in favor of the employer, dismissing his claim with prejudice.

FACTS AND PROCEDURAL HISTORY
On May 2, 2002, claimant, Donald J. Sanders, Jr., filed a disputed claim for compensation with the Office of Workers' Compensation averring entitlement to workers' compensation benefits. Mr. Sanders alleged that on April 2, 2002, during the course and scope of his employment with J. Ray McDermott, Inc., he injured himself while he was "bent over cutting a piece of ... steel grating with a hand held cutting torch." Mr. Sanders noted that when he stood up from doing this work, he "felt severe pain in [his] lower back which traveled down the back of [his] right thigh."
On the day of his accident, Mr. Sanders completed a form entitled "EMPLOYEE'S ACCIDENT/ILLNESS REPORT." In response to a question about what caused his injury, Mr. Sanders reported, "Working in awkward uncomfortable position." Further describing his accident, Mr. Sanders noted as follows: "Cutting grating in Bay 4 Bldg. 1 for Heliport Landings.
*773 Started to feel severe pain in his back and legs. Pain was minor the previous day when I was working under Heliport section installing pad-eyes and stiffner [sic] plates."
Mr. Sanders and Terrell Perro, a co-worker who was with him at the time, immediately reported this incident to their supervisor, Leroy Keith. After explaining his injury and the pain he was experiencing, Mr. Sanders was told to seek medical treatment. He was seen that same day by Dr. Thibodeaux, who treated him conservatively for a muscle strain.
Mr. Sanders returned to McDermott the following day, but not to his regular duties. He worked for the next five or six days in the dispensary doing office work. Thereafter, on April 8, 2002, he was seen by Dr. James C. McDaniel, a physician of his choice. On the following day, Mr. Sanders was examined by Dr. Christopher E. Cenac at the request of McDermott. According to Dr. Cenac's April 9, 2002 report, Mr. Sanders' latest MRI was not available for his review at the time he examined Mr. Sanders. Dr. Cenac noted as follows with regard to the incident in question:
Donald Sanders was examined 4/9/02. The MRI completed recently has been requested for review and further comment. By history the patient had prior surgery in November 1994 not related to a work related incident. At that time he had low back and bilateral leg complaints. He was returned to work after 6 months. 40 pound lifting restrictions were assigned by the pre-employment physician. He changed jobs and ha[d] a pre-employment physical by Dr. Bourgeois in 1997 and again 40 pound lifting restrictions were assigned. He was allowed to work at McDermott as a fitter. He denies any interim complaints. On 4/2/02 he was cutting a piece of grating and had the onset of severe back pain. There was no history of an accident or injury. He was seen by Dr. McDaniel, his prior treating physician. An MRI was completed.
Mr. Sanders was ultimately seen by Dr. Stefan G. Pribil, a neurosurgeon, in May 2002. According to Dr. Pribil's records, Mr. Sanders presented with complaints of pain in his back, radiating into his right leg. Mr. Sanders reported to Dr. Pribil that although he had previously undergone surgery for a massive disc herniation, he had recovered from his surgery and was doing well. However, on April 2, 2002, while working at McDermott, Mr. Sanders injured his back again. Mr. Sanders indicated that he was leaning over and cutting with a hand-held torch when, upon straightening up from that position, he felt a sudden sharp pain radiating into the back and right leg. Dr. Pribil performed a series of operations on Mr. Sanders in May and August 2002 to address his multiple disc herniations. In a report dated October 1, 2002, Dr. Pribil concluded that Mr. Sanders' injuries were "more likely than not ... caused from the accident/incident of April 2, 2002."
In response to Mr. Sanders' claim for compensation, McDermott denied that Mr. Sanders was involved in an accident as defined in the Louisiana Workers' Compensation Act. McDermott alleged that any impairment Mr. Sanders may be suffering from was related to causes other than his employment at McDermott. On September 19, 2002, McDermott filed a motion for summary judgment alleging that there were no genuine issues of material fact and that Mr. Sanders' suit should be dismissed with prejudice because he did not sustain an accident entitling him to workers' compensation benefits. In support of the motion, McDermott introduced Mr. Sanders' medical records, excerpts from Mr. Sanders' deposition, and a copy of the *774 recorded statement given by Mr. Sanders on April 3, 2002.
In response to McDermott's motion for summary judgment, Mr. Sanders filed a memorandum in opposition to the motion, alleging that McDermott had not met the burden of showing there was no genuine issue of material fact, and thus, summary judgment was not appropriate. In support of his position, Mr. Sanders introduced his deposition, his medical records, and a copy of the "EMPLOYEE'S ACCIDENT/ILLNESS REPORT" completed on April 2, 2002. Mr. Sanders also filed a motion to compel discovery, contending that McDermott failed to properly answer the following interrogatory:
INTERROGATORY NO. 22:
Did Adele Cook and/or any other representative of defendant make any inquiries directly to Dr. Christopher Cenac regarding his report of April 9, 2002 indicating that there was "no history of an accident or injury?" If defendant answers affirmatively, please list the specific dates, times, and places that these inquiries took place.
In answers to interrogatories, McDermott responded to the above interrogatory as follows: "This question is best directed to Dr. Cenac whose report is enclosed." In connection with his motion to compel discovery, Mr. Sanders also requested that McDermott be ordered to pay all costs and reasonable attorney fees incurred in filing the motion.
On October 17, 2002, the WCJ heard arguments on McDermott's motion for summary judgment and Mr. Sanders' motion to compel. After considering the applicable law and the evidence in the record, the WCJ denied Mr. Sanders' motion to compel, but granted McDermott's motion for summary judgment, dismissing Mr. Sanders' suit with prejudice.[1] The WCJ offered no reasons for judgment, either written or oral. A judgment in accordance with these findings was rendered and signed on October 31, 2002. It is from this judgment that Mr. Sanders has appealed, assigning the following specifications of error:
1. The trial judge erred in denying Sanders' motion to compel.
2. The trial court erred in granting J. Ray McDermott's motion for summary judgment and dismissing Sanders' claim with prejudice at his cost.
3. The trial court erred in failing to grant Sanders' motion for summary judgment.

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Western Sizzlin Steakhouse v. McDuffie, XXXX-XXXX, p. 3 (La.App. 1 Cir. 3/28/03), 844 So.2d 355, 357, writ denied, XXXX-XXXX (La.6/20/03), 847 So.2d 1236. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ. P. art. 966(A)(2). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B).
*775 On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden on the motion does not require that all essential elements of the adverse party's claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La.Code Civ. P. art. 966(C)(2); Robles v. Exxonmobile, XXXX-XXXX, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 339, 341-342.
When appropriate under Articles 966 and 967, summary judgment is available in workers' compensation cases. See La. Code Civ. P. art. 966(A)(2); La. R.S. 23:1317(A); Sept v. City of Baker, XXXX-XXXX, p. 6 (La.App. 1 Cir. 5/18/99), 733 So.2d 748, 751, abrogated on other grounds, Dufrene v. Video Co-Op, Louisiana Workers' Compensation Corp., XXXX-XXXX (La.4/9/03), 843 So.2d 1066. In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Allen v. State ex rel. Ernest N. Morial New Orleans Exhibition Hall Authority, XXXX-XXXX, p. 5 (La.4/9/03), 842 So.2d 373, 377. Review of summary judgments in workers' compensation cases is conducted in the same manner. See Davis v. AMS Tube Corporation, XXXX-XXXX, p. 4 (La.App. 1 Cir. 6/22/01), 801 So.2d 466, 468, writ denied, 2001-2122 (La.11/2/01), 800 So.2d 877.
In the instant case, McDermott presented several documents in support of its motion for summary judgment, most of which did not comply with the requirements of La.Code Civ. P. arts. 966 and 967. Pursuant to Article 966(B), a summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Moreover, Article 967 provides, in pertinent part, as follows with regard to the requirements for affidavits and evidence in support thereof:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.
Articles 966 and 967 do not permit a party to utilize unsworn and unverified documents as summary judgment evidence. A document that is not an affidavit or sworn to in any way, or which is not certified or attached to an affidavit, is not of sufficient evidentiary quality to be given weight in determining whether there are remaining genuine issues of material fact. Robertson v. Northshore Regional Medical Center, 97-2068, pp. 5-6 (La.App. 1 Cir. 9/25/98), 723 So.2d 460, 464. Thus, in our de novo review of the record, we will not consider the medical records or the recorded statement submitted by McDermott, neither of which were verified or in affidavit form.
The remaining evidence offered in support of McDermott's motion for summary *776 judgment was in the form of excerpts from Mr. Sanders' deposition. Mr. Sanders testified that he "was leaning over cutting" a piece of steel grating. He continued, noting that when he "raised up," he "felt a sharp pain, a shocking pain in [his] back [that] went down [his] leg." Mr. Sanders immediately reported the incident to his supervisor and was advised to seek medical treatment.
Our review of these excerpts from Mr. Sanders' deposition reveals that McDermott has failed to carry its initial burden of showing an absence of factual support for Mr. Sanders' claim that he was injured in a work-related accident. Thus, the burden never shifted to Mr. Sanders to set forth specific facts showing there was a genuine issue for trial. In granting summary judgment in favor of McDermott, the WCJ impermissibly weighed evidence and assessed issues of credibility. See Succession of Bankston, XXXX-XXXX, p. 6 (La.App. 1 Cir. 2/14/03), 844 So.2d 61, 64, writ denied, XXXX-XXXX (La.5/9/03), 843 So.2d 400. Accordingly, the WCJ erred in granting summary judgment and preventing a full trial on the merits.[2]

MOTION TO COMPEL DISCOVERY
Included in the WCJ's October 31, 2002 judgment was the denial of Mr. Sanders' motion to compel discovery. On appeal, Mr. Sanders alleges that the issue of whether McDermott thoroughly investigated his claim before denying him benefits is relevant. Thus, Mr. Sanders contends, the WCJ's denial of his motion to compel McDermott to answer Interrogatory No. 22 was in error.[3] Mr. Sanders further asserts he is entitled to attorney fees pursuant to La.Code Civ. P. art. 1469(4). We agree with Mr. Sanders' argument in this regard.
Because McDermott was not entitled to summary judgment in this case, Mr. Sanders' claim for compensation remains viable, as does the issue of whether McDermott thoroughly investigated the claim before denying benefits to Mr. Sanders. The interrogatory in question is relevant to the issue of the arbitrary and capricious nature of McDermott's denial of this claim. Thus, McDermott should be compelled to answer same.

CONCLUSION
For the above and foregoing reasons, the judgment below is reversed. Judgment is hereby rendered in favor of Mr. Sanders, compelling McDermott to properly respond to Interrogatory No. 22. The case is remanded to the WCJ for further proceedings consistent with this opinion and to determine whether Mr. Sanders is *777 entitled to an award of costs and reasonable attorney fees incurred in filing the motion to compel discovery.
REVERSED; JUDGMENT RENDERED ORDERING MCDERMOTT TO ANSWER DISCOVERY; REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] According to the record, Mr. Sanders filed a motion for summary judgment on October 11, 2002, alleging that there were no genuine issues of material fact and that judgment should be approved by the court granting him attorney fees and penalties for non-payment of medical treatment and benefits. However, these issues are not before us in the instant appeal as Mr. Sanders' motion for summary judgment was never decided by the WCJ.
[2] Due to the serious technical defects in the evidence submitted by McDermott in support of its motion for summary judgment, we were not required to go any further in our review of the record. Nonetheless, we note that the exhibits Introduced by Mr. Sanders in opposition to the motion for summary judgment were in proper form and sufficiently raised disputed issues regarding whether Mr. Sanders was injured in a work-related accident. Thus, we conclude, even assuming McDermott had submitted documents of sufficient evidentiary quality and carried its burden on the motion for summary judgment, the judgment below would still be in error.
[3] We recognize that discovery issues are generally considered interlocutory in nature and, therefore, not subject to appeal. Succession of Brantley, 96-1307, p. 5 (La.App. 1 Cir. 6/20/97), 697 So.2d 16, 19; La.Code Civ. P. art.2083. However, when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the final judgment from which he has appealed. Landry v. Leonard J. Chabert Medical Center, XXXX-XXXX, p. 5 n. 4 (La.App. 1 Cir. 5/14/03), 858 So.2d 454, 461 n. 4