EDWARD A. DUFRESNE, Jr., Chief Judge.
| aThis is an appeal by Kerry J. Hymel, claimant-appellant, from a summary judgment rendered by an Office of Workers’ Compensation judge disqualifying him from benefits on grounds of fraud. For the following reasons we vacate that judgment and remand the case for further proceedings.
The underlying facts are straightforward. Hymel was employed by Kaiser Aluminum Corporation as a general repairman in 1977, and since then had worked continuously for the company, except for 25 months in the 1999-2000 period when there was a strike at the plant. The accident at issue here occurred on August 28, 2003, while he was using a jack hammer. Apparently the bit jammed in the work and as Hymel was trying to extricate it he injured his right shoulder. He immediately reported the incident to his supervisor and went to the doctor later that day. It is not clear in the record what treatment, if any, he received. However, he continued to work his regular job until December 11, 2003, when the company doctor put him on restricted duty because of continuing problems with his | ^shoulder. He worked until March 5, 2004, and on March 8 surgery was performed by Dr. Nick Hatzis for a torn rotator cuff in his right shoulder. Two months later, on May 27, a second surgery was required to correct continuing problems.
Kaiser began paying workers’ compensation benefits at the time of the first surgery, and continued to do so until late 2004. Its reason for terminating weekly benefits was that Hymel had stopped seeing Dr. Hatzis in September of that year, and had begun to see Dr. Melvin Parnell, his regular physician. At about this time Dr. Hatzis had informed Kaiser that Hy-mel would be able to return to work in about six weeks. Although Kaiser did continue to pay Hymel’s medicals, it refused to authorize an MRI recommended by Dr. Parnell to investigate Hymel’s continued complaints of pain. Hymel filed the present claim with the Office of Workers’ Compensation in January of 2005.
On June 9, 2005, Hymel’s deposition was taken. On the basis of that deposition and earlier medical records of Hymel, Kaiser urged a motion for summary judgment to disqualify him on grounds of fraud. The matter was delayed by the recent hurricanes, but a hearing was finally held on the motion on March 13, 2006. Judgment granting the motion was signed on March 17, and this appeal followed.
The pertinent statute here is La. R.S. 23:1208, which provides that it is unlawful to willfully make false statements in order to obtain workers’ compensation benefits. The result of so acting is to forfeit all rights to such benefits.
In this case, the allegations are that Hymel willfully made false statements in his deposition testimony regarding prior injuries to his right shoulder. Prior medical records showed that he had occasionally been treated for strains to that shoulder between 1988 through 1995, and again in 2001. Reports concerning all of | ¿those injuries were in Kaiser’s records and well known to it because on these prior occasions Hymel had been placed on light or restricted duty for short periods of time while recovering. In addition, these injuries were all deemed to be non-work related and no compensation benefits were *759 paid. Finally, a follow-up medical X-ray report also appearing in Kaiser’s files in regard to the 2001 right shoulder injury-states “no abnormalities of the bones, joints, or soft tissues,” and “impression: normal right shoulder.”
During the deposition, Hymel was asked if he been injured before the August 28, 2003 incident. He responded that because he did physical labor he had had problems with most of his joints over the years, but I “never had the problem I had until that date of August [28].” On the following page he was twice asked if he had ever sought treatment for his right shoulder, and answered “not that I remember” and “I don’t remember.” It is on the basis of these two answers that the judge determined that he had committed fraud to obtain benefits.
Appellate courts conduct a de novo review of summary judgments. Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992). Pursuant to La.Code Civ. Pro. Art. 966, a summary judgment should be granted only if the papers of record show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Id.
Our review of the record here discloses at least two areas of dispute. First, it is not clear that Hymel was willfully misrepresenting his prior medical records. His first response quoted above indicates to this court that he was distinguishing between what he considered past minor injuries to his joints and what he obviously considered a much more severe injury on August 28. In that context, his answers that he did not recall prior treatments to his shoulder might well have meant to him that he had not been treated before for such a severe injury as he suffered on 1 ¡August 28. Second, the medical report relating to the 2001 shoulder injury states that that shoulder was then normal. If that is the case, then Hymel’s prior injuries to that shoulder are irrelevant to the torn rotator cuff diagnosed and treated after the August 28, 2003, incident. We finally note that all of Hymel’s prior treatments were reported to Kaiser, none of them were deemed work related, and no compensation was ever paid for these problems. It is thus not a question of him hiding his medical conditions from his employer on some systematic long term basis. It is rather that he made two statements during a deposition concerning potentially irrelevant prior treatments which, while possibly intentional lies, could just as well be read as the result of a misunderstanding.
In these circumstances we find that there are material facts in dispute as to whether Hymel made willful false statements in order to obtain workers’ compensation benefits. That being so, the summary judgment entered in this matter must be vacated and the case remanded for further proceedings consistent with this opinion.

VACATED AND REMANDED.