991 So.2d 1096 (2008)
Shanika LILLY
v.
ALLIED HEALTH CARE.
No. 2007 CA 0590.
Court of Appeal of Louisiana, First Circuit.
June 6, 2008.
Clarence T. Nails, Jr., Baton Rouge, Louisiana, for Plaintiff/Appellant, Shanika Lilly.
*1097 Matthew W. Tierney, Kristine D. Smiley, Baton Rouge, Louisiana, for Defendant/Appellee, Allied Health Care.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
McDONALD, J.
The claimant-appellant, Shanika Lilly, appeals a summary judgment of the Louisiana Office of Workers' Compensation, District 5, dismissing her workers' compensation claim against the defendant-appellee, Allied Healthcare (Allied), on the grounds that she violated the provisions of La. R.S. 23:1208. For the following reasons, we affirm.

PERTINENT FACTS AND RULING OF THE LOWER COURT
Ms. Lilly filed a disputed claim for compensation, claiming that she sustained work-related injuries, including a back injury, on November 4, 2004, while employed by Allied. Allied answered the claim, denying that the injury occurred and that it was disabling. It later amended its answer to deny any liability for compensation to Ms. Lilly, on the grounds that she made false statements and misrepresentations relating to her medical history and other claims for injury and thereby forfeited any claim for compensation benefits, pursuant to La. R.S. 23:1208 and 23:1208.1.
Allied filed a motion for summary judgment, seeking the dismissal of Ms. Lilly's claim based upon forfeiture of benefits under both La. R.S. 23:1208 and 23:1208.1, or either statute. In support of its motion, it filed a number of documents, including Ms. Lilly's deposition taken in connection with her claim, various hospital and medical records, copies of certain claims files in other cases, an audiotape of Ms. Lilly's oral statement regarding this claim, and an insurance claims index search report. In opposition to the motion, Ms. Lilly submitted an affidavit, essentially attesting to the fact that she answered the questions in her deposition about "any prior and subsequent accidents" truthfully "to the best [sic] information, knowledge, and belief."
The workers' compensation judge (WCJ) heard the motion for summary judgment on October 6, 2006. Following argument, the WCJ ruled in favor of Allied on the issue of forfeiture of benefits under La. R.S. 23:1208, but ruled against Allied on the related issue under La. R.S. 23:1208.1. The WCJ signed a judgment to the foregoing effect on October 17, 2006, decreeing the forfeiture of workers' compensation benefits by Ms. Lilly in this proceeding. Ms. Lilly then instituted this appeal.

ANALYSIS
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Johnson v. Evan Hall Sugar Co-op., Inc., 2001-2956, p. 3 (La.App. 1 Cir. 12/30/02), 836 So.2d 484, 486. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B). Summary judgment is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ. P. art. 966(A)(2); Thomas v. Fina Oil and Chemical Co., XXXX-XXXX, pp. 4-5 (La. App. 1 Cir. 2/14/03), 845 So.2d 498, 501-502.
On a motion for summary judgment, the burden of proof is on the mover. If, however, the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary *1098 judgment, the movant's burden on the motion does not require that all essential elements of the adverse party's claim, action, or defense be negated. Instead the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La.Code Civ. P. art. 966(C)(2); Robles v. ExxonMobile, XXXX-XXXX, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 339, 341.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Allen v. State ex rel. Ernest N. Mortal New Orleans Exhibition Hall Authority, XXXX-XXXX, p. 5 (La.4/9/03), 842 So.2d 373, 377. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Foreman v. Danos and Curole Marine Contractors, Inc., 97-2038, p. 7 (La.App. 1 Cir. 9/25/98), 722 So.2d 1, 4, writ denied, 98-2703 (La.12/18/98), 734 So.2d 637.
There are numerous inconsistencies in Ms. Lilly's deposition and her recorded statement. In the statement she denied any prior insurance claims, any prior slip and fall accidents, any prior injuries, and any prior back injuries. In her deposition she admitted an automobile accident just prior to this accident but denied an automobile accident in 2001 and again denied any slip and fall accidents. The evidence introduced in support of the motion documented two prior slip and fall accidents. Even though denying any prior neck and back injuries, the medical records from Dr. Clifton indicate she complained of back injuries when she saw him as a result of the automobile accident in October just weeks prior to the alleged injury on November 4.
The WCJ found:
There are so many, so many discrepancies in her deposition, the recorded statement, the sworn statement, the medical records, I see no possible way for her to rehabilitate herself in testimony at trial. There is no way for her to rehabilitate herself in testimony at trial. There is no genuine issue of material fact in this case that Ms. Lilly has for purposes of obtaining benefits deliberately made misrepresentations to the court through the deposition.
Having conducted a de novo review, we agree with the trial court.
Although the ordinary rules of evidence in the trial of workers' compensation claims have been somewhat relaxed through administrative regulations promulgated under the authority of La. R.S. 23:1310.1, the applicable administrative regulation relating to motion practice provides that "[e]x parte and contradictory motions shall be governed by Code of Civil Procedure Articles 963, et seq." La. Admin. Code Title 40, Pt. I, § 5835. Thus, the determination of motions for summary judgment is subject to the same standards utilized in ordinary civil actions.
Louisiana Code of Civil Procedure article 967(A) provides that "[supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The article further expressly requires *1099 that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."
Unsworn and unverified documents have been found to be inadmissible as evidence in a motion for summary judgment. And documents which are not certified or attached to an affidavit are also of insufficient evidentiary quality to be given weight in determining whether there are remaining genuine issues of material fact. Sanders v. J. Ray McDermott Inc., 03-0064, p. 6 (La.App. 1st Cir.11/7/03), 867 So.2d 771, 775; Robertson v. Northshore Regional Medical Center, 97-2068, pp. 5-6 (La.App. 1st Cir.9/25/98), 723 So.2d 460, 464.
However, the Robertson and Sanders cases are distinguishable in an important respect. In Robertson, the plaintiff's attorney did not appear at the hearing on the motion and no opposition was filed. Thus, there was no objection or opposition to the introduction of the evidence. In McDerott there is no indication that an attorney was present at the hearing. In the case sub judice, the record indicates Ms. Lilly was represented by counsel at the hearing when the evidence was introduced. For whatever reason, he made no objection to the introduction of this evidence. We are not prepared to supply an objection for her and will not second guess the attorney who represented her at the hearing.
Our review of the record shows that almost all of the exhibits upon which Allied relied were unsworn, uncertified, or otherwise unauthenticated, and accordingly inappropriate for consideration for purposes of summary judgment. The insurance claims index search report was unsworn and otherwise unverified, on its face simply purporting to be a list of "matching" claims by the same claimant retrieved from an Internet database. The audiotape of Ms. Lilly's oral statement was neither transcribed nor authenticated in any form. The hospital records relating to the prior alleged accidents and injuries bore no certification. The medical business records of Ms. Lilly's treating physician, Dr. Marvin Clifton, however, were properly certified by their custodian as authentic under La. R.S. 13:3714.
We note that even if most of the documents were inadmissible and should not be considered, Dr. Clifton's medical records are admissible and sufficient by themselves to affirm the decision of the WCJ. The requirements for forfeiture of workers' compensation benefits under La. R.S. 23:1208 are that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Resweber v. Haroil Const. Co., 95-2158, p. 7 (La.8/25/95), 660 So.2d 7, 12. There is no question that all these requirements have been met.
Based on the foregoing, we affirm the judgment of the Louisiana Office of Workers' Compensation, District 5. The costs of this appeal are assessed to the plaintiff-appellant, Shanika Lilly.
AFFIRMED.
GAIDRY, J., dissents and assigns reasons.
GAIDRY, J., dissenting.
Louisiana Code of Civil Procedure article 966(B) provides that summary judgment is appropriately rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment *1100 as a matter of law." (Emphasis supplied.) The described documents are the only evidence that a court may properly consider in determining a motion for summary judgment.
Louisiana Code of Civil Procedure article 967(A) provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." (Emphasis supplied.) The article further expressly requires that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." (Emphasis supplied.)
The majority correctly observes that "almost all of the exhibits upon which Allied relied were unsworn, uncertified, or otherwise unauthenticated, and accordingly inappropriate for consideration for purposes of summary judgment." But the majority errs in two very important respects: (1) treating Dr. Marvin Clifton's certified but unsworn medical records as evidence that may properly be considered in the context of summary judgment; and (2) finding that the failure to formally object to introduction of unsworn and unverified documents at a hearing on a motion for summary judgment permits the court's consideration of such documents.
The purpose of La. R.S. 13:3714 is to save a litigant the difficulty and expense of producing as a witness each person who assisted in the treatment of a patient, thereby providing an exception to the hearsay rule with respect to those who made the medical record. Judd v. State, Dep't of Transp. & Dev., 95-1052, p. 3 (La.11/27/95), 663 So.2d 690, 693. In other words, the purpose of La. R.S. 13:3714 is to eliminate the requirement that the proponent of certified medical records lay a foundation for their admission. Id., 95-1052 at p. 6, 663 So.2d at 695.
While properly certified copies of medical bills, narratives, charts, or records of a physician may be received into evidence as prima facie proof of their contents, La. R.S. 13:3714 expressly limits their consideration to situations where the adverse party has the opportunity to "summon and examine those making the original of the bills, medical narrative, chart, or record as witnesses under cross-examination." Thus, certified copies of medical records may be introduced into evidence and considered at trial on the merits or other contradictory hearings at which testimony may be heard.[1] But a hearing on a motion for summary judgment is not such a trial or hearing, for the simple reason that oral testimony is not permitted. It has long been settled that oral testimony should not be received or considered at the hearing of a motion for summary judgment, even with the consent of counsel. Hemphill v. Strain, 341 So.2d 1186, 1188 (La.App. 1st Cir.1976), writ denied, 343 So.2d 1072 (La.1977). Thus, the expedited and streamlined summary judgment procedure does not afford the party opposing the content of the certified medical records the opportunity of challenging the author of the records through cross-examination, and something more than a certificate of authenticity is required before a court may properly consider such records for purposes of summary judgment. See, e.g., Shoemaker v. City of Shreveport, Emergency *1101 Med. Serv., 31,692, p. 6 (La.App. 2nd Cir.2/24/99), 728 So.2d 1031, 1034.
While Dr. Clifton's medical business records were properly certified by their custodian as authentic under La. R.S. 13:3714, such certification only serves to relax the general evidentiary rule against hearsay; the certification did not obviate a sworn affidavit from Dr. Clifton, "made on personal knowledge" and "show[ing] affirmatively that the affiant is competent to testify to the matters stated therein" for purposes of summary judgment. See La. C.C.P. art. 967(A). The certificate of the records custodian simply does not function as the legal equivalent of the required oath for purposes of summary judgment. For analogous reasons, we have held that La. R.S. 13:3714 does not bestow relevancy upon otherwise irrelevant medical records, as the factors of hearsay and relevancy are separate and independent bases for exclusion of evidence. Kenney v. Cooper, 444 So.2d 211, 212 (La.App. 1st Cir. 1983).
The majority commits a more serious error in holding that the failure of Ms. Lilly's counsel to formally object to the introduction of the incompetent, unsworn evidence permits its consideration for purposes of summary judgment. This is because there is no procedural requirement for even competent evidence such as affidavits, depositions, or admissions to be formally introduced into evidence at the hearing on a motion for summary judgment; all that La. C.C.P. art. 966(B) requires is that such evidence be "on file" in the record. Louisiana Code of Civil Procedure article 966 does not contemplate the necessity of introducing items already filed in the record into evidence at the hearing on the motion for summary judgment. Johnson v. Slidell Mem'l Hosp., 552 So.2d 1022, 1023 (La.App. 1st Cir.1989), writ denied, 558 So.2d 571 (La.1990). If it is not necessary to formally introduce competent evidence in the record at the hearing, then it stands to reason that the failure to formally object to the filing or introduction of incompetent evidence cannot serve to make such evidence competent for the court's consideration.
In summary, the only document that we may properly consider is Ms. Lilly's sworn deposition. In that deposition, Ms. Lilly acknowledged being involved in an automobile accident "a few months" before the reported work injury, but testified that she could not recall sustaining any back injuries in that accident, at one point stating, "I might haveI don't think so." The requirements for forfeiture of workers' compensation benefits under La. R.S. 23:1208 are that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Resweber v. Haroil Const. Co., 95-2158, p. 7 (La.8/25/95), 660 So.2d 7, 12. Given the equivocal nature of Ms. Lilly's deposition testimony, and the absence of competent contradictory evidence, Allied failed to properly establish the absence of genuine issues of material fact as to whether a "false statement or representation" was "willfully" made. See, e.g., Newman v. Richard Price Const., 02-0995, pp. 5-6 (La.App. 1st Cir.8/8/03), 859 So.2d 136, 141; Hymel v. Kaiser Aluminum & Chem. Corp., 06-497, pp. 4-5 (La.App. 5th Cir.11/28/06), 947 So.2d 757, 759. Thus, on the record before us, summary judgment was improperly granted. I respectfully dissent.
NOTES
[1] We have also held that properly certified medical records may be used in the confirmation of a default judgment in a delictual action for personal injury. Oliver v. Cal Dive Internat'l, Inc., 02-1122, pp. 3-4 (La.App. 1st Cir.4/2/03), 844 So.2d 942, 944-45, writs denied, 03-1230 (La.9/19/03), 853 So.2d 638, 03-1796 (La.9/19/03), 853 So.2d 648.