HIGGINBOTHAM, J.
| gThis is a suit for declaratory judgment filed by husband and wife, Shirley Sharp Nettle and Richard W. Nettle (the Nettles), wherein they seek to be declared the owners of certain immovable property located in St. Tammany Parish.
FACTS AND PROCEDURAL HISTORY
On June 24, 1976, Ms. Joyce Wise Nettle, Richards’s mother, purchased two tracts of land located on Lawes Drive in St. Tammany Parish (the Lawes Drive Property). The “Vendor’s Privilege and First Mortgage” documents were filed in the conveyance records for the Parish of St. Tammany. Joyce lived on the Lawes Drive Property until she moved into a nursing home in 2006.
On May 20, 2011, Joyce died. Her succession was opened and her grandchildren, Kenneth J. Germain and Lisa A. Favre Connelly, were named as co-executors of her estate. In her will, Joyce left all of the property she possessed to Kenneth and Lisa. The Nettles, through a rule to annul the probated testament, challenged Joyce’s will based on her capacity at the time of signing. The trial court denied the Nettles’ rule on April 24, 2012.
On July 20, 2011, the Nettles filed a Suit for Declaratory Judgment against the Succession of Joyce Nettle (the Succession), seeking a judgment declaring them to be the sole owners of the Lawes Drive Property.[1] In their petition, the Nettles assert that on March 20, 1979, Joyce executed a counter letter in authentic form, which acknowledged the Nettles as the sole and true owners of the Lawes Drive Property. A copy of the alleged counter letter, stamped as a “TRUE COPY,” and the “Act of Deposit” filing the counter letter into the conveyance records of St. Tammany Parish, were attached to the Nettles’ petition.
laThe Succession answered the Nettles’ suit asserting that at the time of her death, Joyce was the sole owner of the Lawes Drive Property. The Succession’s answer stated that during her lifetime, Joyce possessed the Lawes Drive Property, maintained insurance for and paid all ad valo-rem taxes on the Lawes Drive Property, and on more than one occasion, mortgaged the Lawes Drive Property. The succession also questioned the validity and authenticity of the counter letter. Additionally, in its amended answer, the Succession pled thirty-year acquisitive prescription, and pointed out that the Nettles, in a bankruptcy proceeding, acknowledged under oath that they had no ownership interest in the Lawes Drive Property.
On September 2, 2014, the Nettles filed a motion for summary judgment asserting that according to the clear language of the counter letter, Joyce conveyed the Lawes Drive Property to the Nettles. Thus, they maintained that no genuine issue of material fact remained, and they were entitled to judgment as a matter of law declaring their sole ownership in the Lawes Drive Property. The Succession opposed the Nettles’ motion for summary judgment, and filed a cross-motion for summary judgment asserting that the counter letter was inadmissible. The Succession sought dismissal of the Nettles’ claims or, in the alternative, a ruling on its motion in limine prohibiting the presentation of the “alleged duplicate of the counter letter dated March 20,1979.” The competing motions for summary judgment and the Succession’s motion in limine were heard by the trial court. The trial court concluded that the *1183 original counter letter was necessary to prove its contents. On March 13, 2015, the trial court signed a judgment denying the Nettles’ motion for summary judgment, granting the Succession’s motion for summary judgment, dismissing the Nettles’ claims with prejudice, and finding the motion in limine to be moot. It is from this judgment that the Nettles appeal.
LAW AND ANALYSIS
When reviewing summary judgments, appellate courts conduct a de novo review, using the same criteria that govern the trial court’s determination of whether |4summary judgment is appropriate. Boudreaux v. Vankerkhove, 2007-2555 (La. App. 1 Cir. 8/11/08), 993 So.2d 725, 729-30. The motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(B)(2).[2] A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La. 7/5/94), 639 So.2d 730, 751.
On a motion for summary judgment, the initial burden of proof is on the moving party. However, on issues for which the moving party will not bear the burden of proof at trial, the moving party must only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Then the non-moving party must produce factual support sufficient to satisfy its evidentiary burden of proof at trial. If the nonmoving party fails to do so, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. La. Code Civ. P. art. 966(C)(2).
Louisiana Code of Civil Procedure articles 966 and 967 do not permit a party to utilize unsworn and unverified documents as summary judgment evidence. Thus, a document that is not an affidavit or sworn to in any way, or is not certified or attached to an affidavit, has no evidentiary value on a motion for summary judgment. See 5Boland v. West Feliciana Parish Police Jury, 2003-1297 (La.App. 1 Cir. 6/25/04), 878 So.2d 808, 813 writ denied, 2004-2286 (La. 11/24/04), 888 So.2d 231. Therefore, in meeting the burden of proof, unsworn or unverified documents, such as letters or reports, annexed to motions for summary judgment are not self-proving and will not be considered; attaching such documents to a motion for summary judgment does not transform such documents into competent summary judgment evidence. Williams v. Memorial Medical Center, 2003-1806 (La. App. 4th Cir. 3/17/04), 870 So.2d 1044, 1053, writ denied, 2004-0963 (La. 6/4/04), 876 So.2d 93. Unless the motion for summary judgment is supported by affidavits, together with sworn or certified copies of all papers or documents' referred to, La. Code Civ. P. art. 967 does not shift the burden to the *1184 adverse party to set forth specific facts showing that there is a genuine issue for trial. See Sanders v. J. Ray McDermott, Inc., 2003-0064 (La.App. 1 Cir. 11/7/03), 867 So.2d 771, 775-76.
In their motion for summary judgment, the Nettles contend that the counter letter executed by Joyce on March 20, 1979, transferred ownership of the Lawes Drive Property to them. The copy of the counter letter that the Nettles attached to their petition and supplemental motion for summary judgment was stamped as a “true copy” by Mr. James Strain, who was the attorney that notarized the original counter letter. According to the affidavits of the Nettles, in 2011 they went to Mr. Strain’s office and presented him with a copy of the original counter letter, along with the invoice received from and check paid to Mr. Strain’s law firm, evidencing payment for preparing the counter letter. Because Mr. Strain recognized the invoice from his firm, his signature, and the signatures of the secretaries that worked at his firm, he agreed to provide a “true copy” seal to the counter letter.
In his deposition, Richard testified that his mother, Joyce, signed the counter letter in order to prevent his sister from having any right to the Lawes Drive property if Joyce died. He stated that he had some memory of doing something to prevent his Lsister from getting the Lawes Drive Property, but he had forgotten about the counter letter. Richard stated that he found the counter letter while going through some paperwork after Joyce passed away.
In response to the Nettles’ motion for summary judgment, and in support of its motion for summary judgment, the Succession attached several documents relevant to the ownership of the Lawes Drive Property, including an affidavit of Mr. Strain. In his affidavit, Mr. Strain acknowledges that in order to accommodate Richard, he stamped the counter letter as a “true copy” when the Nettles came to his office. However, Mr. Strain stated that “he is unable to certify to the document as he had no file with which to compare the document and cannot attest with any degree of certainty that this is a true copy of the purported Act dated the 20th day of March, 1979.” Additionally, Mr. Strain recanted and withdrew the certification of the counter letter. Mr. Strain stated that he remembered transacting business with Richard in the past, but did not recall the nature of the business.
In addition to the affidavit of Mr. Strain, the Succession attached the 1976 Act of Sale recorded in the conveyance records of St. Tammany Parish, which showed Joyce as the record owner of the Lawes Drive Property, and the cancellation of the Vendor’s Privilege on August 21, 1997, signed by Joyce. The Succession also included the affidavit of Cynthia B. Lasseigne, who is an abstractor in the 22nd Judicial District Court. In that affidavit, Ms. Lasseigne stated that her public records search of the Lawes Drive Property revealed no vestige of ownership by the Nettles until the July 14, 2011 Act of Deposit by the Nettles. Additionally, Ms. Lasseigne stated that Joyce had applied for the homestead exemption and, on more than one occasion, had mortgaged the Lawes Drive Property, declared herself as owner in the St. Tammany Parish Assessor’s records/tax rolls, and claimed the Lawes Drive Property as her homestead.
|7The Succession also introduced the bankruptcy petition of the Nettles, in which the Lawes Drive Property was not listed as part of their estate,[3] as well as the *1185 sworn detailed descriptive list verified by Richard and associated with his effort to interdict Joyce in 2006, which included the Lawes Drive Property as one of Joyce’s assets. The Succession also included the affidavits of Joyce’s grandchildren, Kenneth and Lisa. In his affidavit, Kenneth testified that Joyce referred to the Lawes Drive Property as hers, and Joyce continuously possessed the Lawes Drive Property during her lifetime, exercising her possession as owner. He further stated that the Nettles also resided on the property until 1982, when Joyce told them to leave and “get off [her] property.” In her affidavit, Lisa testified that when she lived on the Lawes Drive Property in a separate home, she paid all rental payments and utilities to Joyce. Lisa also stated that she never heard of the Lawes Drive Property being referred to as the Nettles’ property, and that around 1982, she also heard Joyce tell the Nettles, regarding the Lawes Drive Property, to “get off [and] never come back.” Lisa stated that the Nettles have not lived on the Lawes Drive Property since that time. Additionally, the Succession offered Richard’s deposition into evidence, where he testified that Joyce paid the down payment for the Lawes Drive Property when she purchased it.
In deciding the motion for summary judgment, the trial court relied on Louisiana Code of Evidence articles 1002 and 1003 to conclude that original writing of the counter letter was necessary to prove it contents. Louisiana Code of Evidence article 1002 provides: “[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided by this Code or other legislation.” Article 1003 provides, in pertinent part:
A duplicate is admissible to the same extent as an original unless:
(1) A genuine question is raised as to the authenticity of the original;
|s(2) In the circumstances it would be unfair to admit the duplicate in lieu of the original; or
(3) The original is a testament offered for probate, a contract on which the claim or defense is based, or is otherwise closely related to a controlling issue.
The trial court concluded that the counter letter is the contract on which the Nettles’ claim for ownership of the Lawes Drive Property is based, and the Succession raised a genuine issue as to the authenticity of the original. Therefore, the original was required to prove the contents of the counter letter. Additionally, the trial court concluded that the “True Copy” certification provided by Mr. Strain was properly recanted through his affidavit attached to the Succession’s motion for summary judgment. In essence, the trial court granted the Succession’s motion in limine prohibiting the introduction of the copy of the counter letter into evidence to prove its contents. We find no error in the trial court’s decision.
Joyce was the record owner of the Lawes Drive Property and there was no vestige of ownership by the Nettles until the July 14, 2011 Act of Deposit. Joyce made the down payment on the Lawes Drive Property, continuously lived there, declared herself as owner in the St. Tammany Parish Assessor’s records/tax rolls, and claimed the Lawes Drive Property as her homestead. Joyce also received rent fi’om other persons living on the Lawes Drive Property, and asked the Nettles to leave the Lawes Drive Property. Additionally, the Nettles, twice in sworn court documents, stated that Joyce owned the Lawes Drive Property and that they were not the owners.
*1186 Excluding the counter letter, and considering the vast amount of evidence presented by the Succession in favor of its position that Joyce was the owner of the Lawes Drive Property at the time of her death, we find no genuine issue of material fact remains as to the issue of whether the Nettles were entitled to a declaratory judgment declaring them as the sole owners of the Lawes Drive Property. In light of the showing made by the Succession establishing that Joyce was the owner of the Lawes Drive Property at the time of her death, we And the trial court correctly granted |flsummary judgment in its favor and dismissed the Nettles’ claims for declaratory judgment.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these consolidated proceedings are assessed to husband and wife, Shirley Sharp Nettle and Richard W. Nettle.
AFFIRMED.

. The Nettles’ petition was filed in a separate proceeding bearing docket number 2011-14170, but was consolidated with the Succession of Joyce Wise Nettle bearing docket number 2011-30401 on October 21, 2011.

. Louisiana Code of Civil Procedure article 966 was amended and reenacted by Acts 2015, No. 422, § 1, with an effective date of January 1, 2016. The amended version of article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act; therefore, we refer to the former version of the article in this case. See Acts 2015, No. 422, §§ 2 and 3.

. After the Succession raised the bankruptcy issue, the Nettles reopened their bankruptcy case to include the Lawes Drive Property. The bankruptcy proceeding was stayed pending the outcome of the ownership issue in the 22nd Judicial District Court.