STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 0010

SUCCESSION OF

ALLAN EUGENE PARKS

Judgment Rendered: **OCT 1 8 2021**

* * * * *

On Appeal from the
17th Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
Trial Court No. 24951

Honorable F. Hugh Larose, Judge Presiding

* * * * *

| | |
|---|---|
| Marcus J. Plaisance<br>Mark D. Plaisance<br>Prairieville, LA | Attorneys for Plaintiff-Appellant,<br>Jackie Parks Perk |
| Jan S. Brunet<br>Houma, LA | |
| Louis G. Authement<br>Luling, LA | Attorneys for Defendants-Appellees,<br>Ramona Dianne Parks LaJaunie and<br>Joshua LaJaunie |
| S. Benjamin Caillouet<br>Thibodaux, LA | |
| Cassie Rodrigue Braud<br>Woody Falgoust<br>Thibodaux, LA | Attorneys for Defendant-Appellee,<br>The Estate of Allan Eugene Parks |

* * * * *

BEFORE: WHIPPLE, C.J., PENZATO, AND HESTER, JJ.

**HESTER, J.**

In this succession proceeding, one of decedent's daughters appeals an interlocutory judgment granting decedent's other daughter and grandson's motion to deem confessed facts set forth in a written statement attached to their subpoena duces tecum under La. Code Civ. P. art. 1354(G). We dismiss the appeal because the judgment is interlocutory and not appealable.

## FACTS AND PROCEDURAL HISTORY

Allan Eugene Parks died on August 11, 2017. Thereafter, his daughter, Ramona Parks LaJaunie filed a petition for probate, requesting that Allan's last will and testament executed on January 18, 2010, be filed and given the effect of probate. She also requested that she be appointed as the independent executrix of Allan's succession. By an order signed on February 21, 2018, the trial court admitted Allan's January 18, 2010 will for probate and appointed Ramona as the independent executrix of the succession.

In response, Jackie Parks Perk, also Allan's daughter, filed a petition for declaration of the invalidity of Allan's January 18, 2010 will. The Estate of Allan Eugene Parks filed several exceptions to Jackie's petition, and Jackie amended her petition. In the amended petition, Jackie named Ramona and her son, Joshua LaJaunie (the LaJaunies), as defendants and alleged that Allan lacked capacity at the time the will was executed because he suffered from several health conditions. Jackie also alleged that the LaJaunies exerted undue influence on Allan, and he was under duress by the LaJaunies. Finally, Jackie alleged that the will should be declared invalid because it failed to recognize Jackie as a forced heir of Allan.

The LaJaunies answered Jackie's amended petition in August 2018, and thereafter, for approximately sixteen months, there was no activity in the record. Then, the LaJaunies' attorney requested that the Clerk of Court for the 17th Judicial District Court issue a subpoena duces tecum ordering Jackie to appear on February

2

18, 2020, at their office and bring with her several documents, papers, and records. The subpoena requested service on Jackie's attorney of record who filed her original and amended petition.

In connection with the subpoena duces tecum, requested on January 2, 2020, the LaJaunies filed into the record a "Sworn Statement/Written Request Under Oath" in accordance with La. Code Civ. P. art. 1354(G), which allows the party requesting the subpoena to attach a written statement under oath of what the party believes the documents will show, and if the party subpoenaed, fails to comply with the subpoena the facts set forth in the written statement will be taken as confessed. In the sworn statement, the LaJaunies' attorney stated that the subpoenaed documents would prove, among other things, that Jackie had no evidence that Allan lacked capacity at the time he executed the will; Jackie had no evidence to support and cannot meet her burden of proof that the LaJaunies exerted undue influence on Allan or that he was under duress; and Jackie has no evidence to establish that she is a forced heir under La. Civ. Code art. 1493. After being served with the subpoena, Jackie's first attorney withdrew as her counsel in the matter and a second attorney enrolled. The LaJaunies' attorney and Jackie's second attorney agreed to a new deadline of March 13, 2020 for responding to the subpoena duces tecum.

Thereafter, on March 20, 2020, the LaJaunies filed a motion to deem confessed the facts set for the in their "Sworn Statement/Written Request Under Oath," asserting that Jackie failed to respond to the subpoena duces tecum; their motion was granted ex parte on March 23, 2020. On that same day, Jackie objected to the motion to deem confessed and the motion was set for a hearing. After the hearing, the trial court signed a judgment on November 9, 2020, denying Jackie's objection to the motion to deem confessed, granting the LaJaunies motion to deem confessed, and designating the judgment as final after making an express

3

determination that there was no just reason for delay. It is from this judgment that Jackie appeals.

## APPELLATE JURISDICTION

This court's appellate jurisdiction extends to final judgments and to interlocutory judgments when expressly provided by law. See La. Code Civ. P. art. 2083. A judgment that determines the merits, in whole or in part, is a final judgment. La. Code Civ. P. 1841; see also La. Code Civ. P. art. 1915. A judgment that does not determine the merits, but only preliminary matters in the course of the action, is an interlocutory judgment. La. Code Civ. P. art. 1841. Generally, a judgment involving preliminary discovery matters is interlocutory and non-appealable.[1] See **Sanders v. J. Ray McDermott, Inc.**, 2003-0064 (La. App. 1st Cir. 11/7/03), 867 So.2d 771, 776 n.3; **Succession of Brantley**, 96-1307 (La. App. 1st Cir. 6/20/97), 697 So.2d 16, 19.

The judgment on appeal granted the LaJaunies' motion to deem confessed the facts set forth in their "Sworn Statement/Written Request Under Oath" and denied Jackie's objection to the motion. The judgment determines preliminary discovery issues akin to a request for admissions being deemed admitted. The judgment does not address the merits of Jackie's petition requesting that Allan's January 18, 2010 will be declared invalid in whole or in part. Accordingly, the judgment is clearly interlocutory and non-appealable.[2]

Although we have the discretionary authority to convert an appeal to a writ application in certain instances, we decline to do so in this case where reversal of the

---

[1] The exception to this rule is that a judgment resolving a discovery issue against a non-party is appealable since it resolves all issues between the non-party and the party seeking discovery. **Moore v. State Farm Fire & Casualty Co.**, 2020-0942 (La. App. 1st Cir. 5/25/21), 2021 Wl 2102935, *2 (unpublished).

[2] The trial court designated the judgment as final and appealable under La. Code Civ. P. art. 1915(B). However, La. Code Civ. P. art. 1915(B) does not authorize a trial court to designate an interlocutory judgment on discovery issues as final and appealable. **McKenzie v. Imperial Fire and Casualty Insurance Company**, 2018-1325 (La. App. 1st Cir. 4/12/19), 2019 WL 1578103, *2 (unpublished).

4

interlocutory ruling would not terminate the litigation and where the parties have an adequate remedy by review on appeal after rendition of a final judgment. <u>See</u> **Stelluto v. Stelluto**, 2005-0074 (La. 6/29/05), 914 So. 2d 34, 39.

## CONCLUSION

For the foregoing reasons, we dismiss the appeal for lack of jurisdiction. All costs in this proceeding are assessed to appellant, Jackie Parks Perk.

**APPEAL DISMISSED.**